### Case No. 7,523.

JORDAN v. WALLACE et al.

[5 Fish. Pat. Cas. 185; [1] 8 Phila. 165; 28 Leg. Int. 373; 1 Leg. Gaz. Rep. 354; 3 Leg. Gaz. 371; 19 Pittsb. Leg. J. 82.]

Circuit Court, E. D. Pennsylvania. Nov. 11, 1871.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

H. T. Fenton and Furman Sheppard, for complainant.

N. H. Sharpless, R. P. White, and G. H. Earle, for defendants.

McKENNAN, Circuit Judge. The original answers in these cases present the same defenses which are set up in Jordan v. Dobson, 7 Phila. 533; Id. [Case No. 7,519]. That case was exhaustively argued before a full bench of this court, and all the questions involved in it were carefully considered and decided, and an elaborate opinion was delivered by Mr. Justice Strong. The conclusions therein announced are now reaffirmed, and are, therefore, to be taken as decisive of the same questions presented in these cases.

Amendments of the respondents' answers have since been filed, which contain, as their only new feature, an averment of the incapacity of the patentee, by reason of mental unsoundness, to comprehend the specifications attached to the reissues of his patent in 1836 and 1864. As this averment is unsupported by any proof, it is unnecessary to consider it. A decree in favor of the complainant is now opposed, upon the ground that he has not furnished satisfactory proof of infringement by the respondents. Infringement is alleged in the bill, and the respondents are therefore bound to answer it distinctly and unevasively. In their original answers, their response to this allegation is qualified and equivocal. They do not deny the use of the invention described in the patent, but only that it was used "with a full knowledge of the premises mentioned in said bill of complaint, and in violation of the complainant's exclusive rights secured by the patent of 1864." This clearly implies an admission of its actual use. And this implication is strengthened by the express admission in the amended answers that the cards, jacks, and mules stated, in their answers, to be in use by the respondents, were made and constructed, in some respects, substantially in imitation of the improvement claimed by the patentee. Thus, not only failing to deny their alleged use of the complainant's invention, which he has a right to treat as a confession of its use, but, by their mode of answering, im-

pliedly admitting it, the complainant is not required to make any further proof of infringement. The complainant is, therefore, entitled to a decree, but as his patent expired August 30, 1869, it can only be for an account, which is accordingly directed in each case.